IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JUDITH TAYLOR | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) CIVIL ACTION |
| v. | ) FILE NO. |
| | ) |
| | ) |
| MCIC VERMONT, INC. (A RISK | ) |
| RETENTION GROUP); THE | ) **JURY TRIAL DEMANDED** |
| NORTH HIGHLAND COMPANY | ) |
| LLC | ) |
| | ) |
| Defendant. | |

## COMPLAINT FOR DAMAGES

**COMES NOW** Plaintiff Judith Taylor, by and through her undersigned counsel of record, and files this Complaint for Damages against Defendants MCIC Vermont, Inc. (A Risk Retention Group) (hereinafter, "MCIC") and North Highland Company LLC (hereinafter, "North Highland"), showing the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiff brings this action under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000(e) et seq.

1

(hereinafter, "Title VII) for race discrimination, the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. § 4301 et seq. (hereinafter, "USERRA"), and to recover reasonable attorneys' fees and costs as allowed under the aforementioned federal statutes.

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§1331, 1343 on the grounds that this action arises under Title VII and USERRA.

3.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in the State of Georgia and Defendants reside within the Northern District of Georgia.

**PARTIES**

4.

Plaintiff Judith Taylor ("Plaintiff" or "Pittman") is an individual residing in the State of Georgia.

5.

Plaintiff is subject to the jurisdiction and venue of this Court.

6.

Defendant MCIC is an employer, is a qualified and licensed organization in Georgia that is entitled to do business in Georgia, and may be served with Summons and Complaint in this action through its registered agent, Matt Simon at Two Ravinia Drive, Suite 400, Atlanta, Georgia 30346.

Defendant North Highland is an employer, is a qualified and licensed organization in Georgia that is entitled to do business in Georgia, and may be served with Summons and Complaint in this action through its registered agent, C T Corporation System at 289 S Culver St, Lawrenceville, Georgia 30046.

7.

At all times relevant to this action, Plaintiff was an employee of Defendants.

8.

Defendants are qualified and licensed to do business in the State of Georgia.

9.

Defendants have each employed fifteen or more employees for each working day in at least twenty weeks during each and every calendar year that is relevant to this action.

10.

Plaintiff has obtained a right to sue letter from the Equal Employment Opportunity Commission as to Defendant MCIC relating to her Title VII claim. See Exhibit A.

Plaintiff does not need to exhaust any administrative remedies from any federal agencies for her USERRA claim against Defendants.

## FACTUAL BACKGROUND

11.

Plaintiff hereby incorporates all previous Paragraphs as if fully restated herein.

12.

Defendant North Highland is a management consulting firm that provides, *inter alia,* staffing solutions for its clients as an employment agency.

13.

Plaintiff Judith Taylor, a black female, was hired by Defendant North Highland to work as a senior project manager for its client Defendant MCIC.

14.

At all relevant times to this action, Plaintiff was an airman with the United States Air Force Reserves. See Exhibit B.

15.

On or around July 18, 2019, Defendant North Highland helped Plaintiff set up an interview with Susan Jordan and Paul Purvis of Defendant MCIC.

16.

During the course of the interview, Plaintiff, Susan Jordan, and Paul Purvis discussed the fact Plaintiff was a member of the United States Air Force Reserves, and Plaintiff had pending military orders for training for a two-week period in September 2019.

17.

On or around July 19, 2019, Cathy Williams, a recruiter for Defendant North Highland, informed Plaintiff she was hired to work as a senior project manager for Defendant MCIC after Susan Jordan decided Plaintiff's military obligations were acceptable.

18.

On or around August 5, 2019, on her first day of work at MCIC, Susan Jordan admitted to Plaintiff that Defendant MCIC was hesitant in hiring her due to her military service.

19.

Nevertheless, Defendant MCIC decided to hire her anyways since the project was delayed and it can find someone to cover Plaintiff's position while she was away on military orders, according to Susan Jordan.

20.

Plaintiff was assigned to work under Susan Ferencik at MCIC.[1]

21.

Susan Ferencik sent an e-mail to Plaintiff asking her to input time off on a team calendar.

22.

Plaintiff entered the expected time off for military training for September 15, 2019 – September 30, 2019 on the team calendar in Sharepoint.

23.

Susan Ferencik set Plaintiff up for failure in her role as senior project manager by (1) requiring Plaintiff complete an assignment by Friday in Plaintiff's first week knowing Plaintiff did not have a company laptop or log-in credentials , (2) assigning Plaintiff with tasks at the last minute thereby creating unrealistic expectations for their on-time completion, (3) excluding Plaintiff from team meetings, (4) preventing Plaintiff from

---

[1] Notwithstanding, Plaintiff's formal supervisor was Susan Jordan.

6

seeking help from colleagues, and (5) requiring Plaintiff to implement projects with vague and ambiguous instructions.

24.

For example, one project plan Plaintiff was assigned to by Susan Ferencik had twenty-five to thirty projects with only their titles delineated in the software. There were no foundational details like executive summaries or a list of resource personnel assigned to the projects.

25.

Therefore, Plaintiff tried to schedule meetings with the vice president, system architect, and the project management director to develop a temporary plan to manage the projects, but these meetings were canceled at the direction of Susan Ferencik.

26.

Plaintiff's white female colleague and a non-military civilian, Nickey Revard, was hired on or around June 2019.

27.

Nickey Revard likewise failed to complete assignments on time under the direction of Susan Ferencik.

28.

Nickey Revard, however, was invited to all team meetings and allowed to seek help from colleagues.

29.

Specifically, Susan Ferencik reassigned some of Nickey Revard's work to Plaintiff because Susan Ferencik thought Nickey Revard needed help "catching up" notwithstanding the fact Plaintiff was a new employee and Nickey Revard had been there for two months.

30.

On or around August 20, 2019, Susan Ferencik recommended Plaintiff's termination; thereinafter Susan Jordan informed Cathy Williams of Defendant North Highland that Plaintiff's employment with MCIC would not work out for alleged performance issues and requested Plaintiff be terminated.

31.

Nickey Revard was not terminated notwithstanding her inability to catch up with her work, at such an inferior level where Susan Ferencik felt it was justified to get a more-qualified Plaintiff to assist her.

32.

Defendant North Highland acquiesced to Defendant MCIC's request and terminated Plaintiff.

33.

To date, Defendant North Highland has not placed Plaintiff to wok with another client and is effectively terminated.

## COUNT I
## USERRA VIOLATION

34.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

35.

Plaintiff had an obligation for service in the uniformed services to perform her duties under competent authority of military orders for military training from September 15, 2019 through September 30, 2019.  Plaintiff has membership in the uniformed services by and through her status as an airman of the United States Air Force Reserves at all relevant times to this action.

36.

Defendants terminated Plaintiff's employment and Plaintiff's obligation for service in the uniformed services and/or membership in the uniformed services was a motivating factor to her termination.

37.

As a direct and proximate result of Defendants' actions, Plaintiff has experienced adverse effects to both her psychological, physical well-being, and other damages in an amount to be determined at trial.

## COUNT II
## RACE DISCRIMINATION IN
## VIOLATION OF TITLE VII

38.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

39.

Defendant MCIC discriminated against Plaintiff while she was employed at MCIC by, among other things, treating her less favorably than white employees, excluding Plaintiff from meetings, excluding Plaintiff from company resources, and terminating Plaintiff when similarly situated white co-workers were not excluded from meetings, not excluded from company resources, and not terminated.

40.

The effect of Defendant MCIC's conduct was to deprive Plaintiff of economic opportunities, and otherwise adversely affected Plaintiff's status as an employee because of her race.

41.

As a direct and proximate result of Defendant MCIC's actions, Plaintiff has experienced adverse effects to both her psychological, physical well-being, and other damages in an amount to be determined at trial.

## COUNT III
## RACE DISCRIMINATION IN
## VIOLATION OF 42 U.S.C. § 1981

42.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

43.

Defendant MCIC discriminated against Plaintiff while she was employed at MCIC by, among other things, limiting her ability to make and enforce contracts as compared to white employees and terminating Plaintiff when similarly situated white co-workers were not terminated.

44.

Defendant MCIC discriminated against Plaintiff while she was employed at MCIC by, among other things, subjecting her to unequal punishment, pains, and penalties, as compared to white employees and terminating Plaintiff when similarly situated white co-workers were not terminated.

45.

As a direct and proximate result of Defendant MCIC's actions, Plaintiff has experienced adverse effects to both her psychological, physical well-being, and other damages in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for:

1) General damages for mental and emotional suffering caused by Defendants' misconduct;

2) Punitive damages based on Defendants' willful, malicious, intentional, reckless, and deliberate acts, including Defendants' ratification, condonation, and approval of said acts of its agents;

3) Back pay, special damages and/or liquidated damages for lost wages and benefits, and post judgment interest thereon as permitted by law;

4) Reasonable attorneys' fees and expenses of litigation pursuant to 42 U.S.C. § 2000e-5(k) and 38 U.S.C. § 4323(h);

5) Liquidated damages for Defendants' willful violation of USERRA pursuant to 38 U.S.C. § 4323(d)(1)(C);

6) Trial by jury as to all issues;

7) Prejudgment interest at the rate allowed by law;

8) Declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights;

9) Compensatory damages;

10) Injunctive relief enjoining Defendants from providing harmful employment information about Plaintiff to potential employers and ordering Defendants to remove negative records from Plaintiff's personnel file, attributed to Defendants' unlawful conduct;

11) All other relief to which Plaintiff may be entitled.

Respectfully submitted this 22nd day of August 2022.

/s/ David G. Cheng
CHENG LAW, INC.
DAVID CHENG, ESQ.
GEORGIA BAR NO. 762468
260 Peachtree St. NW
Suite 2200
Atlanta, Georgia 30303
Tel: (334) 451-4346
Fax: (312) 626-2487
david@considerdavidcheng.com

*Attorney for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that Plaintiff's Complaint for Damages complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia. Counsel hereby states that Plaintiff's Complaint for Damages has been typed in Times New Roman 14 point.

This 22nd day of August, 2022.

      /s/ David G. Cheng
David G. Cheng
Georgia Bar No. 762468